Werner C. VON CLEMM and Rayford W. Alley, Trustee, co-partners under the name of Bridge Import Company, a co-partnership, and Werner C. Von Clemm, individually, Plaintiffs,

v.

Ivy Baker PRIEST, Treasurer, William P. Rogers, Attorney General of the United States, and Pioneer Import Corporation, Defendants,

and

Hans Kroch et al., Joint Applicants for Intervention.

United States District Court
S. D. New York.
June 12, 1961.

———◆———

Alexander Kahan, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for defendants; Stephen Kurzman, Asst. U. S. Atty., New York City, R. J. Wieferich, and Arthur R. Schor, Attys., United States Dept. of Justice, Washington, D. C., of counsel.

Waldemar J. Dittmar, New York City, for joint applicants; George Eric Rosden, Washington, D. C., of counsel.

METZNER, District Judge.

Two groups of stockholders of International Mortgage and Investment Corporation have petitioned the court for leave to intervene as parties plaintiff or defendant in the instant suit. Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The suit was instituted by plaintiffs seeking an adjudication that they are the owners of the stock of Pioneer Import Corporation and of the proceeds of the sale of certain precious and semi-precious stones, all worth some $900,000. The action is predicated on Section 9(a) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9(a). The defendants, in fact being represented by the Office of Alien Property, resist plaintiffs' claim and deny that they are entitled to the property.

The prospective intervenors claim that International is the owner of this property and would seek in their proposed complaint or answer an adjudica-

tion to this effect. One group of stockholders seeks to intervene in their own right as stockholders or derivatively in the name of the corporation, either as parties plaintiff or defendant. The other group seeks to intervene directly as stockholders in International, but only as parties defendant. The ultimate party position is immaterial to a determination of this motion.

The movants concede that any right they have to institute an action pursuant to Section 9(a) is barred by the statute of limitations. The moving parties, however, contend that the Office of Alien Property is not interested in presenting and prosecuting their claims because a victory by such defendant would be "pyrrhic" in that the property would merely go through its hands to the intervenors. They therefore claim inadequate representation in a suit which could result in a judgment that would be binding on them.

The object of the pending suit is to determine that plaintiff is the owner of the property. Defendant seeks to defeat that claim. Affirmative adjudication of the rights of a third party is unnecessary to achieve that end. Facts which might sustain such conclusion are available under a general denial which is sufficient for defendant's purposes. The court must assume and cannot direct that the defendant carry out his sworn duty either as a public officer or as an attorney admitted to practice in this court. His function in this regard is to see that rightful owners obtain their property and not to obstruct or wrongfully deny rights merely to hold money for the United States Government.

To attack the desire or ability of the defendant to adequately defend the claim because it won't go beyond that goal, and also seek to establish the moving parties' right to the property, is to call for more than is required of defendant. If such were permitted it would turn the lawsuit into a controversy which

the moving parties by their own admission are foreclosed to litigate. They are trying to achieve by indirection what they cannot do directly.

Motion denied. So ordered.